IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HERD CO., | ) | CASE NO. 8:09CV397 |
|       Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| ERNEST-SPENCER, INC., | ) ) | |
|       Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion to Compel Mediation and Arbitration (Filing No. 8); the Defendant's Motion to Dismiss (Filing No. 12); and the Plaintiff's Motion for Leave to Replace Exhibit 1 of Complaint (Filing No 18), to which the Defendant Objects (Filing No. 20).  For the reasons discussed below, the Defendant's Motion to Dismiss will be granted; the action will be dismissed without prejudice; and all other motions will be denied as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff Herd Co. ("Herd"), a Nebraska corporation, brought this contract action on November 2, 2009, against Defendant Ernest-Spencer, Inc. ("Ernest-Spencer"), a Kansas corporation, invoking the Court's diversity jurisdiction. (Complaint, Filing No. 1, ¶¶ 1-4.) Essentially, Herd alleges that Ernest-Spencer breached an agreement (Filing No. 1-2, the "Agreement") to design, engineer, fabricate, build, and manage construction of a facility for receiving, transferring, storing, flaking, and loading grain for Herd's cattle feed lot operation in Bartlett, Nebraska. (*Id.*, ¶¶ 15-23.)  Herd alleges that Ernest-Spencer did not complete its contractual obligations in a timely manner, and Herd incurred damages due to the delay. (*Id.*, ¶¶ 16-25.)  Herd contends that it would have owed Ernest-Spencer $3,132,462.81 for timely completion of the work, and has paid Ernest-Spencer

$2,883.735.35 thus far, but has incurred at least $4,000,000.00 in damages due to the delay in Ernest-Spencer's performance and defects in the work performed. (*Id.*, ¶¶ 21-31.) Herd notes that the Agreement provides for mediation of any disputes between the parties, and, if mediation is unsuccessful, then mandatory arbitration. (Complaint, Filing No. 1, ¶ 6; Agreement, §§ 4.5 - 4.6.) Herd asks the Court to compel Ernest-Spencer to mediate and arbitrate every dispute under the Agreement; to enjoin Ernest-Spencer from proceeding with any litigation against Herd until arbitration has been concluded; and to stay these proceedings pending arbitration. (*Id.* ¶¶ 33, 36; and Filing No. 8.)

Ernest-Spencer agrees that the disputes between the parties under the Agreement are subject to mediation and binding arbitration, and states that Ernest-Spencer made demand for mediation to Herd on October 26, 2009, and filed a request for mediation with the American Arbitration Association ("AAA") on October 30, 2009. (Filing No. 12.) Ernest-Spencer asserts that the AAA has opened a file, No. 571240015409, for the mediation of claims under the Agreement. (Filing No. 15, p.1.) Ernest-Spencer suggests that this Court has the discretion to dismiss this action rather than staying proceedings pending arbitration, and that this Court should exercise that discretion. (Defendant's Brief, Filing No. 13 p.3.)

Ernest-Spencer moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and (6) (Filing No. 12), and filed an Answer and Counterclaim the following day (Filing No. 16). Herd then filed for leave to replace Exhibit 1 of the Complaint (the Agreement), asserting that counsel inadvertently submitted an incomplete exhibit at the time of filing. (Filing No. 18.) Ernest-Spencer opposes Herd's request, asserting that replacing Exhibit 1 "is not proper and is prejudicial." (Filing No. 20, p.1.)

## STANDARD OF REVIEW[1]

A motion pursuant to Fed. R. Civ. P. 12(b)(1) challenges whether the Court has subject matter jurisdiction to hear the matter. The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *V S Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). The Court, however, has "wide discretion" to decide the process with which its jurisdiction can best be determined. *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). It "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* at 958 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) ("Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts." (citing *Osborn v. United States*, 918 F.2d 724, 728-30 (8th Cir. 1990))).

When ruling on a defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of

---

[1] Herd's brief in opposition to the Motion to Dismiss (Filing No. 19) suggests a pre-*Twombly* analysis of the 12(b)(6) motion, and also suggests review pursuant to Fed. R. Civ. P. 9(b). The Complaint makes no allegations of fraud or mistake, however, and Ernest-Spencer's motion to dismiss is not based on Rule 9(b). The Court rejects the standards of review proposed by Herd.

those facts is improbable, and 'that recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)(quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Herd states, in general, that it filed this action to toll any statute of limitations pending mediation and arbitration, to require Ernest-Spencer to mediate and arbitrate any disputes under the Agreement, and to enforce any arbitration order or judgment. (Brief, Filing No. 19, p.2.) Herd contends that the Federal Arbitration Act ("FAA") at 9 U.S.C. § 3 requires the stay of an action pending arbitration, and does not permit dismissal.[2]

---

[2]"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of

Ernest-Spencer asserts that 9 U.S.C. § 3 applies only when a lawsuit has been initiated prior to arbitration, and because it initiated the mediation/arbitration process before the lawsuit was filed, this Court has no jurisdiction over the matter.[3] (Reply Brief, Filing No. 21, pp. 1-2.) Ernest-Spencer suggests that this action serves no purpose "other than to cause unnecessary attorney fees and to occupy the time of this Court unnecessarily." (*Id.* at 2.)

There is no dispute that all claims before the Court are subject to mediation and arbitration, and that the entire case may be resolved through such arbitration. "A federal court must compel arbitration if (1) there is a contract involving commerce; (2) there is a controversy arising out of that contract; (3) the contract calls for arbitration; and (4) there has been a refusal to comply with the arbitration provision." *Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 592 n.6 (8th Cir. 1984). Here, Herd has not alleged in its Complaint that Ernest-Spencer refused to comply with the arbitration provision, and Herd has not denied Ernest-Spencer's assertions that it in fact initiated the AAA proceedings prior to Herd's filing of this action. This Court finds no reason to compel a defendant to do something the defendant has not refused to do, and in fact has done willingly. The Court also concludes that 9 U.S.C. § 3, should be read in conjunction with 9 U.S.C. § 4 that permits a party to initiate a civil action in federal court compelling arbitration when such

---

one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

[3] Although Ernest-Spencer's Motion to Dismiss is presented pursuant to Fed. R. Civ. P. 12(b)(6) as well as 12(b)(1), Ernest-Spencer now contends that its "motion is not predicated upon a failure to state a claim." (Ernest-Spencer's Reply Brief, Filing No. 21, p.1).

party is "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." Here, there is no such failure, neglect, or refusal.

While it is recognized that there is some split in authority regarding whether an action should be stayed, or dismissed without prejudice, when the claims are subject to arbitration, the "weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). In this district, dismissal without prejudice has been the preferred course of action. *Bales v. Arbor Manor, SSC*, No. 4:08CV3072, 2008 WL 2660366, *9 (D. Neb. July 3, 2008) ( Kopf, J.) ("The defendant . . . has indicated that it would prefer the court to dismiss the plaintiff's action rather than to compel arbitration and stay the action. . . . Accordingly, I will enter an order of dismissal without prejudice to arbitration and subsequent judicial relief if appropriate."); *Richland Grain, Inc. v. White Commercial Corp.*, No. 8:03CV182, 2003 WL 22722419, at *1 (D. Neb. Nov. 19, 2003) (Bataillon, J.) ("Because all the claims made by the plaintiff are subject to arbitration, I have the discretion to dismiss this matter for lack of subject matter jurisdiction rather than to stay it and compel arbitration."); *Kalinski v. Robert W. Baird & Co., Inc.,* 184 F.Supp.2d 944, 947 (D. Neb. 2002) ("The plaintiff has presented no reasons why dismissal would be inappropriate as contrasted with the alternative remedy, and in this case, I can detect none. Therefore, in the exercise of my discretion, I decide to dismiss, without prejudice, rather than compel arbitration and stay this matter. The burden thus falls upon the plaintiff to commence arbitration if he wishes relief.")

Herd's claims are subject to arbitration, and I have the discretion to dismiss the matter rather than to stay it and compel arbitration. Herd has presented no persuasive

reason why dismissal without prejudice is inappropriate, and I detect none. The same administrative burdens that Judge Kopf recognized as inherent in the stay of proceedings in *Kalinski* would be present in this case were I to grant a stay pending arbitration.[4]

Accordingly,

IT IS ORDERED:

1. The Defendant Ernest-Spencer Inc.'s Motion to Dismiss (Filing No. 12) is granted;

2. The Plaintiff Herd Co.'s Complaint (Filing No. 1), and the Defendant's Counterclaim (Filing No. 16) are dismissed, without prejudice;

3. All other pending motions are denied as moot; and

4. A separate Judgment will be entered.

DATED this 5th day of January, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[4] "[W]hen a case is stayed, there are significant administrative burdens imposed upon the court caused by the need to monitor events taking place in another forum. The court has a duty to insure the expeditious resolution of stayed cases just like it has a similar duty in active cases. . . . [S]uch a burden should be avoided if otherwise appropriate." *Kalinsky*, 184 F.Supp. at 947.